IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:25-cv-167

SYDNEY GALLEK, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

BLUE RIDGE APPLIANCE & HEARTH, INC.,

Defendant.

**CLASS ACTION COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Sydney Gallek ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Blue Ridge Appliance & Hearth, Inc., alleging and stating as follows. All allegations are being made on information and belief except as to Plaintiff's own actions, of which she has personal knowledge.

## I. PRELIMINARY STATEMENT.

1. Telemarketing calls and text messages are intrusive. Many people reasonably object to receiving these communications, which interrupt their lives and cause confusion and disruption on their phone records. Faced with growing public criticism of abusive telemarketing practices, the U.S. Congress enacted the <u>Telephone Consumer Protection Act</u> ("TCPA") in 1991. *See* Pub. L. No. 102-243, 105 Stat. 2394 (1991).[1] As Congress explained, the law was enacted in response to consumers' "outrag[e] over the proliferation

---

[1] Codified at 47 U.S.C. § 227; implemented by 47 CFR § 64 – Subpart L.

of intrusive, nuisance calls…from telemarketers;" and sought to balance "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms." *Id*. §§ 2(6); (9).

2. One result of the TCPA was the national Do-Not-Call Registry maintained by the Federal Trade Commission ("FTC"). *See* 47 CFR § 64.1200(c)(2); 16 CFR § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule…[to] initiat[e] any outbound telephone call to a person [whose] telephone number is on the [Registry]"). These rules apply to anyone making telemarketing calls <u>or text messages</u>. *See, e.g.,* 47 CFR § 64.1200(e).

3. In short, if a person wishes to no longer receive telephone or text solicitations, she can add her telephone number to the Registry; the TCPA then restricts the telephone and text solicitations that can be made to that number. *Id*.; *see also* 16 CFR § 310.4(b)(iii)(B).

4. Accordingly, Congress created a private right of action under the TCPA for any person who receives telephone solicitations despite their number being listed on the Do-Not-Call Registry. 47 U.S.C. § 227(b)(3). Under the TCPA, Claimants may seek injunctive relief, monetary damages, or both. *Id*.; *see also* 47 U.S.C. § 227(c)(5) (private right of action for claims arising out of violations of 47 U.S.C. §§ 227(c)(1)-(4)).

5. Following the TCPA, North Carolina implemented similar state-level legislation in 2003, the <u>North Carolina Telephone Solicitations Act</u> ("NCTSA"), N.C. GEN. STAT. § 75-100, *et seq.*[2]

6. Like its federal corollary, the NCTSA explicitly prohibits persons and entities from calling residential or mobile telephone numbers that appear in the Do-Not-Call Registry; and

---

[2] *See also* N.C. Sess. L. 2003-411.

provides for a private right of action seeking injunctive relief, monetary damages, or both. *See* N.C. GEN. STAT. §§ 75-102(a); 105(b).

7. Like its federal corollary, the NCTSA's protections and strictures encompass both voice and other telephone calls as well as text messages. N.C. GEN. STAT. § 75-101(9),(12).

8. Accordingly, Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA and the NCTSA.

9. Specifically, Plaintiff alleges that Defendant violated the TCPA and the NCTSA by knowingly making telemarketing calls in the form of text messages to the telephone numbers of Plaintiff and the putative Class, all of which are—and, at all relevant times, have been—listed on the Do-Not-Call Registry without the written consent of Plaintiff or any member of the putative Class.

## II. THE PARTIES.

10. Plaintiff is a citizen and resident of North Carolina who is neither an infant, incompetent, nor in the military service of the United States.

11. Plaintiff is a *person* within the meaning of the TCPA; and a *telephone subscriber* under the NCTSA. *See* 47 U.S.C. § 153(39); N.C. GEN. STAT. § 75-101(11).

12. Defendant Blue Ridge Appliance & Hearth, Inc. is a corporation organized and existing under the laws of North Carolina with its principal place of business located at 101 Rogers Road, East Flat Rock, North Carolina.

## III. JURISDICTION & VENUE.

13. The foregoing allegations are incorporated by reference and realleged herein.

14. **Subject Matter Jurisdiction:** This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*.

15. **Personal Jurisdiction:** This Court has general personal jurisdiction over Defendant because it regularly does business in North Carolina, including this District.

16. **Venue:** Venue is proper under 28 U.S.C. § 1391(b)(2)—the calls and texts at issue were sent within this District; thus a substantial part of the events giving rise to the claim occurred within this District.

## IV. FACTUAL ALLEGATIONS.

17. The foregoing allegations are incorporated by reference and realleged herein.

### A. Background.

18. As explained *supra*, the TCPA and NCTSA protect consumers from abusive telemarketing practices using, *inter alia*, the National Do-Not-Call Registry. *See generally* 47 CFR § 64.1200(c)(2); N.C. Gen. Stat. § 75-102(a).

### B. Plaintiff's Factual Allegations.

19. Plaintiff's telephone number, 216-XXX-XX68, is a residential, non-commercial cell phone number not associated with any business.

20. In other words, Plaintiff uses the number exclusively for personal, residential, and household reasons.

21. Plaintiff's telephone number, 216-XXX-XX68, is on the federal "Do Not Call" List and has been on the federal "Do Not Call" List for approximately ten years.

22. Defendant sent text messages to consumers, including Plaintiff, promoting appliance sales and appliance repair and maintenance services.

23. On January 29, 2025, Plaintiff received a telemarketing text message, below left, on her cellular telephone number, 216-XXX-XX68.

24. Plaintiff then received a second marketing message, shown below at right, on February 8.



25. Both messages came from 828-693-1832, the primary phone number for Defendant Blue Ridge Appliance.

26. Plaintiff e-mailed Defendant on February 19, 2025, asking Defendant to explain the illegal text messages and provide a justification. Defendant did not respond.

27. Each of these text messages sent to Plaintiff from Defendant was sent for the purpose of soliciting or encouraging the purchase of services or for the purposes of obtaining or providing information that will or may be used for that purpose.

28. Plaintiff has never been a customer of Defendant and has no prior relationship with Defendant.

29. At no point did Plaintiff ever indicate a willingness to interact with Defendant in any capacity, including in relation to purchasing or obtaining maintenance of appliances or any other services or products related to appliances.

30. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were harassed. In addition, the text messages occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

31. Moreover, Plaintiff was frustrated, angry, annoyed, and felt harassed by each of these text messages.

## V. CLASS ACTION ALLEGATIONS.

32. The foregoing allegations are incorporated by reference and realleged herein.

33. Plaintiff brings this action on behalf of herself and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **TCPA Class**: All persons in the United States who (1) received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods and/or services; (2) within a twelve-month period; (3) despite having asked not to be contacted again or after their numbers were placed on the federal "Do Not Call" List; (4) at any time within the four years preceding this action.
>
> **NCTSA Class**: All North Carolina residents who subscribe to a residential telephone service from a local exchange company, a competing local provider certified to do business in North Carolina, or a wireless telephone company; or individuals living or residing with individual North Carolina residents who: (a) received a "telephone solicitation" from Defendant, as defined by N.C. GEN. STAT. § 75-101(9); (b) after the respective individuals had requested to no longer receive such messages or after their numbers were

placed on the federal "Do Not Call" List; (c) at any point within the four-year period preceding the filing of Plaintiff's Complaint.

34. **Numerosity:** The exact number of members of each Class is unknown. However, given the *en masse* nature of telemarketing, the Classes are believed to consist of hundreds or even thousands of people, thus individual joinder in this case is impracticable. Upon information and belief, all individual members of the Classes can be easily identified through Defendant's business records, or those of their agents.

35. **Typicality:** Plaintiff's claims are typical of the Class members in that Plaintiff, like all other Class members, sustained similar injuries and suffered similar damages arising out of Defendant's telemarketing calls and text messages, sent by Defendant in furtherance of their uniform unlawful conduct.

36. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of each Class. First, Plaintiff has retained counsel competent and experienced in complex class actions to vigorously prosecute this Action on behalf of the Class. Second, Plaintiff has no interests in conflict with or antagonistic to those of each Class. Lastly, Defendant has no defenses unique to Plaintiff.

37. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and each Class, and those questions predominate over any questions that may affect individuals. Such common questions include, *inter alia*:

    a. Whether Defendant should be held liable for violations that it committed or that were committed on its behalf;

    b. Whether Defendant made telephone and/or text solicitations;

    c. Whether Defendant trained its employees to use telephone solicitations after requests to stop or in compliance with the federal "Do Not Call" List;

- d. Whether Defendant sent text messages after individuals had requested to no longer receive such messages or to individuals whose numbers were on the federal "Do Not Call" List; and
- e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

38. **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of this controversy. Such treatment will permit many similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds—if not thousands—of Class members, such that joinder of all members is impracticable.

39. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b) because:
    - a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;
    - b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. CAUSES OF ACTION.

**FIRST CAUSE OF ACTON**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227,** *et seq.*

40. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

41. Defendant made numerous calls and sent numerous text messages for telemarketing purposes to the phone numbers of Plaintiff and the Class of individuals who had previously listed their number on the National Do Not Call Registry.

42. Plaintiff was annoyed, frustrated, and angered by the subsequent text messages, which were an invasion of privacy. The Plaintiff felt harassed by these subsequent text messages.

43. Each of these text messages made to Plaintiff and the Class members after requests to stop violated the TCPA.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class are entitled to statutory damages totaling up to $500.00 per telephone call or text message; in addition to treble damages of up to $1,500.00 per telephone call or text message, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTON
## VIOLATIONS OF THE NORTH CAROLINA
## TELEPHONE SOLICITATIONS ACT,
## N.C. GEN. STAT. § 75-101, *et seq.*

45. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

46. Defendant is a *telephone solicitor* under the NCTSA. *See* N.C. GEN. STAT. § 75-101(10).

47. Plaintiff is a *telephone subscriber* under the NCTSA. *See* N.C. GEN. STAT. § 75-101(11).

48. Each call and text message made by Defendant to Plaintiff and all members of the putative Class is a *telephone solicitation* as defined by the NCTSA. *See* N.C. GEN. STAT. § 75-101(9).[3]

49. A violation of the NCTSA occurs when a telephone solicitor makes "a telephone solicitation to a telephone subscriber's telephone number [after] the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations…" N.C. GEN. STAT. § 75-102(b).

50. Defendant violated the NCTSA by making telephone solicitations to Plaintiff and putative class members after they communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number.

51. A violation of the NCTSA occurs if the telephone subscriber requests to be taken off the contact list of the telephone solicitor and the telephone solicitor fails to remove the telephone subscriber's name and telephone number from the contact list of the telephone solicitor and stop calling the telephone subscriber within 30 business days. N.C. GEN. STAT. § 75-102(c)(3).

---

[3] Each call and text message made by Defendant to Plaintiff and the Class can also be described as an *unsolicited telephone call* as defined by the NCTSA. *See* N.C. GEN. STAT. § 75-101(12).

52. Defendant violated the NCTSA by continuing to make telephone calls to Plaintiff and putative class members more than 30 days after been notified of a desire not to receive additional telephone calls.

53. Defendant violated the NCTSA by making telephone calls to Plaintiff and putative Class members whose numbers were on the federal "Do Not Call" List.

54. Plaintiff was annoyed, frustrated, and angered by the subsequent text messages. Plaintiff felt harassed by these subsequent text messages.

55. The penalty for violating the NCTSA is $500.00 for the first violation; $1,000.00 for the second violation; and $5,000.00 for any subsequent violations. N.C. Gen. Stat. § 75-105(a)(1).

56. As a direct proximate result of Defendant's conduct, Plaintiff and the putative Class have been damaged and are entitled to recover all amounts owed to them under the NCTSA.

## VII. PRAYER FOR RELIEF.

**WHEREFORE,** Plaintiff, individually and on behalf of the putative Class, respectfully prays the Court for the following relief:

a. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Name Plaintiff as Class Representative and her counsel as Class Counsel;

c. Adjudge that Defendant violated the TCPA and the NCTSA;

d. Adjudge that Defendant's violations of the TCPA and the NCTSA were willful;

e. Award Plaintiff and Class actual, statutory, and treble damages as applicable under the TCPA and the NCTSA;

f. Award injunctive relief prohibiting Defendant from continuing to make telephone solicitations to consumers in violation of the TCPA and the NCTSA;

g. Award attorneys' fees and costs to Plaintiff and the Class;

h. Award Plaintiff and the Class pre-judgment and post-judgment interest at the highest legal rate provided by law;

i. Grant Plaintiff's demand for a trial by jury on all issues so triable; and

j. Award Plaintiff and the Class such other and further relief as this court may deem just and proper.

Respectfully submitted, this the 3rd day of March, 2025.

**MAGINNIS HOWARD**

BY: */s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwaltney@carolinalaw.com

*/s/ Anthony Paronich*
Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com
*Notice of Special Appearance Forthcoming*

*Attorneys for Plaintiff*